Mr. David E. Dinwiddie 8608 Princeton Pike Pine Bluff, AR 71602
Dear Mr. Dinwiddie:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107, of a proposed "title" for an initiative measure. Your submission fails to include a proposed popular name. Your submitted "title" is as follows:
 Title AN INITIATIVE TO ELIMINATE ALL STATE LEVIED TAXES AND FEES ON TOBACCO AND TOBACCO PRODUCTS IN THE STATE OF ARKANSAS
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neither certification nor rejection of a popular name and ballot title reflects our view of the merits of the proposal because this Office has been given no authority to consider the merits of any measure.
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, my review is generally limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether a proposed popular name and ballot title accurately and impartially summarize the provisions of the proposed amendment or act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment or act. SeeArkansas Women's Political Caucus v. Riviere, 282 Ark. 463, 466,677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device.Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v.Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall,229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall,229 Ark. 416, 417, 316 S.W.2d 185 (1958); Becker v. Riviere,270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285,884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988);Hoban v. Hall, supra; and Walton v. McDonald, 192 Ark. 1155,97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v.McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke.Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71
(1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104
(1960).
Having analyzed your proposed initiative, as well as your proposed "title" under the above precepts, it is my conclusion that I must reject your proposal at this time. First, as an initial matter, you have failed to submit a proposed "popular name" for my review. Section 7-9-107(a) of the Arkansas Code is very clear in requiring a sponsor of a measure to submit the measure for my review with both a proposed ballot title and popular name. See also, Ops. Att'y. Gen. 2003-378 and 379. Second, your submitted "title" is in my judgment wholly insufficient to summarize the measure, and is more in the nature of a popular name. See e.g., Op. Att'y. Gen. 2003-127. Third, I cannot determine from a review of your submission whether the measure you propose is an initiated act, which will be codified into the statutes of Arkansas, or whether you are proposing an amendment to the Arkansas Constitution. Your cover letter submitting the measure refers to the measure as a "ballot initiative" and the introductory language of your petition reflects that it proposes a "law." I cannot determine from this language alone the nature of your measure. This point must be made clear before a popular name and ballot title may be certified for your measure. Finally, I must reject your proposed "title" due to ambiguities in the text of your measure. As noted above, I cannot determine the nature of your measure, that is, whether it is an act or an amendment. This information will obviously impact my review of the measure and any resulting ambiguities I perceive. Although I thus cannot provide an exhaustive list of any potential ambiguities at this time, I can indicate several existing ambiguities as follows:
 1. As an initial matter, you measure contains several typographical errors, some of which may prevent the drafting of an acceptable ballot title for your measure. The first full paragraph of your measure states that: "Be it enacted upon approval by the voters of Arkansas in the general election of November 7, 2006, that all state levied taxes and fees on tobacco and tobacco products, sold in the State of [sic] are eliminated as of January 1, 2007." Presumably the omitted word in this sentence is "Arkansas," but this must be clarified before I can certify a ballot title for your measure. Another provision of your measure (in the fifth full paragraph), refers to the "Meals on Whells" program. Although it is fairly evident that this reference should be to the "Meals on Wheels" program, the error must be corrected to avoid any confusion on the issue.
 2. The language quoted above from the first paragraph of your measure also leads to another ambiguity. Although this paragraph states that as of January 1, 2007, all state-levied taxes and fees are "eliminated," it is somewhat unclear whether any new taxes and fees on tobacco or tobacco products could be adopted after this date, or whether your measure would prohibit this action. This ambiguity is compounded by the uncertainty as to whether your measure is an initiated act or a constitutional amendment. It is unclear in this regard whether your measure is an initiated act, which seeks only to repeal existing statutes levying the taxes and fees in question, and perhaps to increase the vote requirement of the General Assembly for any such future measures (See Arkansas Constitution, article 5, § 1 ("General Provisions") ("Amendment and Repeal"), or whether it is a proposed constitutional amendment, which seeks to completely forestall the General Assembly's (or the people's) power to levy or impose any such taxes and fees in the future. If the former is your intention (an initiated act), your measure is somewhat ambiguous in not specifying the exact statutory sections to be repealed. Your proposal is also unclear as to whether it contains any prohibition against the levy of any new tobacco taxes or fees after January 1, 2007, and as a consequence, whether a two-thirds vote under Arkansas Constitution, article 5, § 1, would be required for any such future levies. Although the latter may be your intention (the adoption of a constitutional amendment), this intention is not clearly expressed in the language you have used. Obviously, these issues will give the voters "serious ground for reflection." They must therefore be clarified before I can certify a popular name and ballot title for your measure.
 3. The fifth full paragraph of your measure states in full that: "[t]he additional tobacco tax to fund the following projects and programs is also repealed; Breast Cancer Research (UAMS), Breast Cancer Control (Health Dept.), Aging and Adult Services (Meals on Whells) [sic], DHS Grants (Senior Prescription Drugs), and the DHS RX Program." I assume the "additional tax" referred to in this paragraph is the tax found at A.C.A. § 26-57-1102 (Supp. 2005). Confusion may arise by the omission of the "Prostate Cancer Foundation" as a recipient of these tax monies and by the inclusion of the "DHS Grants (Senior Prescription Drugs)" language in your measure. This is particularly true where you have failed to identify the statute containing these provisions. The statute regarding distribution of this tax was amended in the 2005 regular session, to among other things, add the Prostate Cancer Foundation as a recipient of a portion of the funds and to remove the language regarding the "Prescription Drug for the Elderly Waiver Program." See Acts 2005, No. 2219 and A.C.A. § 26-57-1103 (Supp. 2005).
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107 and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finn v. McCuen, 303 Ark. 418, 793 S.W.2d 34
(1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Robertsv. Priest, 341 Ark. 813, 20 S.W.3d 376 (2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id. Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title.See A.C.A. § 7-9-107(c). You may, after clarification of the matters discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
Mike Beebe ATTORNEY GENERAL
MB:ECW/cyh